Randal R. Leonard, Esq.
Nevada Bar No. 006716
509 South Seventh St.
Las Vegas, NV 89101
(702) 598-3667
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-10-10310-lbr |
| | Chapter 7 |
| FULVIA MORALES, | MOTION TO REOPEN CASE & SELL REAL PROPERTY |
| Debtor. | |
| | Hearing Date: November 3, 2011 |
| | Hearing Time: 9:30 a.m. |

COMES NOW Debtor Fulvia Morales, by and through counsel, Randal R. Leonard, Esq., and hereby request that the Court *REOPEN* the Chapter 7 case and for an Order allowing the sale of certain real property commonly known as 2232 Heather Court, North Las Vegas, NV 89030. This Motion is based upon the pleadings and papers on file herein and the Memorandum of Points and Authorities attached hereto.

Dated this 22nd day of September, 2011.

/s/ Randal R. Leonard, Esq.
Randal R. Leonard, Esq.
Nevada Bar No. 006716
509 South 7th Street
Las Vegas, NV 89101
(702) 598-3667
Attorney for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtor filed her Chapter 7 Bankruptcy case on or about June 24, 2005. Debtor was discharged on April 20, 2010 and her case was closed on May 24, 2011. Debtor owns certain real property commonly known as 2532 Heather Court, North Las Vegas, NV 89030. Debtor obtained and accepted an offer for the sale of 2532 Heather Court, North Las Vegas, NV 89030, a true and correct copy of the HUD 1 and Preliminary Title Report is attached hereto as exhibit A.

The sale is a short sale, meaning that neither the debtors nor the bankruptcy estate will receive any proceeds, see the attached HUD 1. All parties involved in the sale approve of their treatment.

## ANALYSIS AND DISCUSSION

A. **The Proposed Sale is in the Best Interests of the Estate**

Section 363(b) of the Bankruptcy Code allows for sales of property of the estate outside of the ordinary course of business. The standard for allowing property to be sold outside of the ordinary course of business is determined by whether the sale is in the best interests of the estate. Further, the best interest of the estate is found if there is a fair price and if the sale is in good faith. In re Wilde Horse Enters., Inc., 136 B.R. 830, 842 (Bankr. CD Cal. 1991).

(1) **Fair Price**

The proposed sale price for this property is $37,000.00. $37,000.00 is a fair price in this matter for the subject property. The Bankruptcy Appellate Panel for the Ninth Circuit stated that "value does not necessarily contemplate forced sale or liquidation value of the collateral; nor does it always imply a full going-concern value. Courts will have to determine value on a case-

by-case basis, taking into account the facts of each case and the competing interests in the case." In re Arnold & Baker Farms, 177 B.R. 648, 656 (9th Cir. BAP 1994).

In the matter at hand, the sales price was negotiated in good faith by both parties and both parties were represented by realtors. Further, the lien holders were involved and approved of the sales price agreeing to receive less than what debtors' owe. Therefore, the court should allow the proposed sale at the proposed price.

(2) **Good Faith Purchaser**

11 U.S.C. § 363(m) states:

(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.' " Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir.1992) (citing In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir.1986)). "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.' " Id. (quoting Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1985). In this case, there is no collusion among the various parties as this is an arms length sale.

B. **The Court Should Allow the Sale Free and Clear of Liens**

According to section 1303 of the Code, the debtors have the same power as the trustee regarding sections 363(b) and 363(f) of the Code. Section 363(b) allows the trustee to sell property of the estate after notice and hearing. When the trustee executes such a sale, section 363(f) allows the sale to be free and clear of liens. Section 363(b) states:

      (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -
          (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
          (2) such entity consents;
          (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
          (4) such interest is in bona fide dispute; or
          (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Since all parties agree to the sale the Court should allow the sale to proceed as outlined in the HUD 1 attached hereto. The liens on the property should attach to the proceeds from the sale.

Therefore, pursuant to 11 U.S.C. § 350(b), the Debtor respectfully requests that the Court reopen her case for the sole purpose of an Order allowing the subject property to be sold free and clear of liens.

Dated this 23rd day of September, 2011.

          /S/ Randal R. Leonard, Esq.
          Randal R. Leonard, Esq.
          Nevada Bar No. 006716
          509 South 7th Street
          Las Vegas, NV 89101
          (702) 598-3667
          Attorney for Debtor

# Exhibit A

OMB Approval No. 2502-0265

## A. Estimated Settlement Statement (HUD-1)

**B. Type of Loan**

| 1. ☐ FHA  2. ☐ RHS  3. ☐ Conv. Unins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
|---|---|---|---|
| 4. ☐ VA   5. ☐ Conv. Ins. | FT110041713 | | |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: | E. Name and Address of Seller: | F. Name and Address of Lender: |
|---|---|---|
| Joel Antonio Gomez | Fulvia Morales<br>PO Box 26601<br>Las Vegas, NV 89126 | New Lender |

| G. Property Location: | H. Settlement Agent: | I. Settlement Date: |
|---|---|---|
| 2532 Heather Court<br>North Las Vegas, NV 89030<br>Clark County, Nevada | Fidelity National Title Agency of Nevada, Inc.<br>(702)932-3150 | September 23, 2011<br>Funding Date: |
| | Place of Settlement: | |
| | 2850 W. Horizon Ridge Pkwy, #120 | Disbursement Date: |
| 139-13-812-102 | Henderson, NV 89052 | September 23, 2011 |

| J.   Summary of Borrower's transaction | | K.   Summary of Seller's transaction | |
|---|---:|---|---:|
| 100. Gross Amount Due from Borrower: | | 400. Gross Amount Due to Seller: | |
| 101. Contract sales price | 37,000.00 | 401. Contract sales price | 37,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement Charges to Borrower (Line 1400) | 932.00 | 403. | |
| 104. Payoff first mortgage | | 404. | |
| 105. Payoff second mortgage | | 405. | |
| Adjustments for items paid by Seller in advance | | Adjustments for items paid by Seller in advance | |
| 106. City/Town Taxes        to | | 406. City/Town Taxes        to | |
| 107. County Taxes   09/23/11 to 10/01/11 | 7.83 | 407. County Taxes   09/23/11 to 10/01/11 | 7.83 |
| 108. Assessments        to | | 408. Assessments        to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | **37,939.83** | **420. Gross Amount Due to Seller** | **37,007.83** |
| 200. Amounts Paid by or in Behalf of Borrower | | 500. Reductions in Amount Due Seller: | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to Seller (Line 1400) | 2,498.23 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan   Bank of America | 34,119.60 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by Seller | | Adjustments for items unpaid by Seller | |
| 210. City/Town Taxes        to | | 510. City/Town Taxes        to | |
| 211. County Taxes        to | | 511. County Taxes        to | |
| 212. Assessments        to | | 512. Assessments        to | |
| 213. Alta Owners Policy | 390.00 | 513. Alta Owners Policy | 390.00 |
| 214. Seller Concession SS non Allow | | 514. Seller Concession SS non Allow | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | **390.00** | **520. Total Reduction Amount Due Seller** | **37,007.83** |
| 300. Cash at Settlement from/to Borrower | | 600. Cash at settlement to/from Seller | |
| 301. Gross amount due from Borrower (line 120) | 37,939.83 | 601. Gross amount due to Seller (line 420) | 37,007.83 |
| 302. Less amount paid by/for Borrower (line 220) | ( 390.00) | 602. Less reductions due Seller (line 520) | ( 37,007.83) |
| 303. Cash  [X] From  [ ] To Borrower | 37,549.83 | 603. Cash  [ ] To  [ ] From Seller | 0.00 |

(FT110041713.PFD/FT110041713/26) September 19, 2011 03:15 PM

## L. Settlement Charges

| 700. Total Real Estate Broker Fees | | Paid From Borrower'S Funds at Settlement | Paid From Seller'S Funds at Settlement |
|---|---|---|---|
| Division of commission (line 700) as follows: | | | |
| 701. $ 740.00       to  Universal Realty, Inc. | | | |
| 702. $ 740.00       to  Universal Realty, Inc. | | | |
| 703. Commission paid at settlement | | | 1,480.00 |
| 704. Real Estate Doc Fee          to Universal Realty | Remove per BA | | |
| 705. Real Estate Doc Fee          to Universal Realty | Remove per LA | | |
| **800. Items Payable in Connection with Loan** | | | |
| 801. Our origination charge | (from GFE #1) | | |
| 802. Your credit or charge (points) for the specific interest rate chosen | (from GFE #2) | | |
| 803. Your adjusted origination charges      New Lender | (from GFE #A) | | |
| 804. Appraisal fee            to | (from GFE #3) | | |
| 805. Credit Report           to | (from GFE #3) | | |
| 806. Tax service             to | (from GFE #3) | | |
| 807. Flood certification     to | (from GFE #3) | | |
| 808.                         to | (from GFE #3) | | |
| 809.                         to | (from GFE #3) | | |
| 810.                         to | (from GFE #3) | | |
| 811.                         to | (from GFE #3) | | |
| **900. Items Required by Lender to Be Paid in Advance** | | | |
| 901. Daily interest charges from        to        days @ $/day | (from GFE #10) | | |
| 902. Mortgage insurance premium for     months to | (from GFE #3) | | |
| 903. Homeowner's insurance for          years to | (from GFE #11) | | |
| 904. Flood Insurance         1.0   years to | (from GFE #11) | | |
| 905. | (from GFE #11) | | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Initial deposit for your escrow account | (from GFE #9) | | |
| 1002. Homeowner's insurance            @ $       per | | | |
| 1003. Mortgage insurance               @ $       per | | | |
| 1004. Property taxes | | | |
| 1005.                                  @ $       per | | | |
| 1006.                                  @ $       per | | | |
| 1007. Flood Insurance                  @ $       per | | | |
| 1008. | | | |
| 1009. | | | |
| **1100. Title Charges** | | | |
| 1101. Title services and lender's title insurance | (from GFE #4) | 307.50 | |
| 1102. Settlement or closing fee    Fidelity National Title Agency of Nevada, Inc.  $307.50 | | | 775.00 |
| 1103. Owner's title insurance to Fidelity National Title Insurance Company | (from GFE #5) | 390.00 | |
| 1104. Lender's title insurance to Fidelity National Title Insurance Company | | | |
| 1105. Lender's title policy limit | | | |
| 1106. Owner's title policy limit    $ 37,000.00 | | | |
| 1107. Agent's portion of the total title insurance premium    $ 343.20 | | | |
| 1108. Underwriter's portion of the total title insurance premium   $ 46.80 | | | |
| 1109. | | | |
| 1110. | | | |
| 1111. | | | |
| 1112. | | | |
| 1113. | | | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Government recording charges        to Recorder's Office | (from GFE #7) | 34.50 | |
| 1202. Deed $ 30.00    Mortgage $        Releases $       Other $ 4.50 | | | |
| 1203. Transfer taxes              to | (from GFE #8) | | 188.70 |
| 1204. City/County tax/stamps     Deed $ 188.70 | | | |
| 1205. State tax/stamps | | | |
| 1206. E Recording Fee | | | |
| 1207. | | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Required services that you can shop for | (from GFE #6) | | |
| 1302.                       to | | | |
| 1303. Home Warranty      NEED HOME WARRANTY     WAIVE | | | |
| 1304. 1st qtr taxes 2011-12 PAID   Clark County Treasurer   139-13-812-102 | | | |
| 1305. See addit'l disb. exhibit    to | | 200.00 | 54.53 |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | 932.00 | 2,498.23 |

Certified to be a true copy

| Comparison of Good Faith Estimate (GFE) and HUD-1 Charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Charges That Cannot Increase | HUD-1 Line Number | | |
| Our Origination Charge | # 801 | 0.00 | 0.00 |
| Your Credit or Charge Points for the specific rate chosen | # 802 | 0.00 | 0.00 |
| Your adjusted origination charge | # 803 | 0.00 | 0.00 |
| Transfer taxes | # 1203 | 0.00 | 0.00 |

| Charges That in Total Cannot Increase More than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | # 1201 | 0.00 | 34.50 |
| Title services and lender's title insurance | # 1101 | 0.00 | 307.50 |
| Owner's title insurance to Fidelity National Title Insurance Company | # 1103 | 0.00 | 390.00 |
| Total | | | 732.00 |
| Increase between GFE and HUD-1 Charges | | $ 732.00  or | 0.00% |

| Charges That Can Change | Good Faith Estimate | HUD-1 |
|---|---|---|

**Loan Terms**

| | |
|---|---|
| **Your initial loan amount is** | |
| **Your loan term is** | _____ years |
| **Your initial interest rate is** | _____ % |
| **Your initial monthly amount owed for principal, interest and any mortgage insurance is** | _____ includes<br>[ ] Principal<br>[ ] Interest<br>[ ] Mortgage Insurance |
| **Can your interest rate rise?** | [X] No   [ ] Yes, it can rise to a maximum of _____%. The first change will be on _____ and can change again every ___ months after _____. Every change date, your interest rate can increase or decrease by _____%. Over the life of the loan, your interest rate is guaranteed to never be lower than _____% or higher than _____%. |
| **Even if you make payments on time, can your loan balance rise?** | [X] No   [ ] Yes, it can rise to a maximum of $_____. |
| **Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise?** | [X] No   [ ] Yes, the first increase can be on _____ and the monthly amount owed can rise to $_____.<br>The maximum it can ever rise to is $_____. |
| **Does your loan have a prepayment penalty?** | [X] No   [ ] Yes, your maximum prepayment penalty is $_____. |
| **Does your loan have a balloon payment?** | [X] No   [ ] Yes, you have a balloon payment of $_____ due in ___ years on _____. |
| **Total monthly amount owed including escrow account payments** | [X] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>[ ] You have an additional monthly escrow payment of $_____ that results in a total initial monthly amount owed of $_____. This includes principal, interest, any mortgage insurance and any items checked below:<br>[ ] Property taxes      [ ] Homeowner's insurance<br>[ ] Flood insurance    [ ]<br>[ ]                    [ ] |

Note:  If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

(FT110041713.PFD/FT110041713/26) September 19, 2011  03:15 PM

Estimated HUD-1, Page 4

Borrower(s): Joel Antonio Gomez

Seller(s): Fulvia Morales
PO Box 26601
Las Vegas, NV 89126

Lender: New Lender

Settlement Agent: Fidelity National Title Agency of Nevada, Inc.
(702)932-3150

Place of Settlement: 2850 W. Horizon Ridge Pkwy, #120
Henderson, NV 89052

Settlement Date: September 23, 2011

Property Location: 2532 Heather Court
North Las Vegas, NV 89030
Clark County, Nevada
139-13-812-102

## Additional Disbursements

| Payee/Description | Note/Ref No. | Borrower | Seller |
|---|---|---|---|
| Buyer Refundable Pad | | 200.00 | |
| sewer and trash dues Hold for sewer and trash | | | 54.53 |
| Total Additional Disbursements shown on Line 1305 | | $ 200.00 | $ 54.53 |

## Seller Loan Payoff Details

Payoff first mortgage    to Bank of America         Re: 116420593
Principal Balance                        34,119.60
Total Loan Payoff                       $ 34,119.60

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower

_____
Joel Antonio Gomez

Seller

_____
Fulvia Morales

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

_____
Fidelity National Title Agency of Nevada, Inc.
Settlement Agent

Estimated HUD-1, Page 4

Borrower(s): Joel Antonio Gomez

Seller(s): Fulvia Morales
PO Box 26601
Las Vegas, NV 89126

Lender: New Lender

Settlement Agent: Fidelity National Title Agency of Nevada, Inc.
(702)932-3150

Place of Settlement: 2850 W. Horizon Ridge Pkwy, #120
Henderson, NV 89052

Settlement Date: September 23, 2011

Property Location: 2532 Heather Court
North Las Vegas, NV 89030
Clark County, Nevada
139-13-812-102

## Disclosure For Items Totaled on Line 1102

| Description | Payee | Borrower | Seller |
|---|---|---|---|
| Escrow Fee | Fidelity National Title Agency of Ne | 175.00 | 575.00 |
| Recon Tracking | Fidelity National Title Agency of Ne |  | 150.00 |
| Courier Fee | Fidelity National Title Agency of Ne | 12.50 |  |
| Inspection Fee | Fidelity National Title Agency of Ne | 70.00 |  |
| Notary Fee | Fidelity National Title Agency of Ne | 50.00 | 50.00 |

## Additional Disbursements

| Payee/Description | Note/Ref No. | Borrower | Seller |
|---|---|---|---|
| Buyer Refundable Pad |  | 200.00 |  |
| sewer and trash dues Hold for sewer and trash |  |  | 54.53 |
| **Total Additional Disbursements shown on Line 1305** | | $ 200.00 $ | 54.53 |

## Seller Loan Payoff Details

**Payoff first mortgage** to Bank of America    Re: 116420593
Principal Balance        34,119.60
**Total Loan Payoff**    $ 34,119.60

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower

_____
Joel Antonio Gomez

Seller

_____
Fulvia Morales

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

_____
Fidelity National Title Agency of Nevada, Inc.
Settlement Agent

(FT110041713.PFD/FT110041713/26) September 19, 2011  03:15 PM

 Fidelity National Title Agency of Nevada, Inc.
2850 W. Horizon Ridge Pkwy, #120, Henderson, NV 89052
(702)932-3150

## PRELIMINARY REPORT

ORDER NO.: FT18-FT110041713

In response to the application for a policy of title insurance referenced herein, Fidelity National Title Agency of Nevada, Inc. hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitation on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

The policy(s) of title insurance to be issued hereunder will be policy(s) of Fidelity National Title Insurance Company.

**Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**

It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.

FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC.

Countersigned _____

BY _____ President
ATTEST _____ Secretary

CLTA Preliminary Report Form - Modified (11/7/06)                                                                 FDNV0300.rdw



# Fidelity National Title Agency of Nevada, Inc.
2850 W. Horizon Ridge Pkwy, #120, Henderson, NV 89052
(702)932-3150

## PRELIMINARY REPORT

ESCROW OFFICER: Melissa Moses
TITLE OFFICER: Sherrel Wade

ORDER NO.: FT18-FT110041713

LOAN NO.:

TO: Fidelity National Title Agency of Nevada, Inc.
2850 W. Horizon Ridge Pkwy, #120
Henderson, NV 89052

ATTN: Melissa Moses

YOUR REFERENCE: Fulvia Morales/Joel Antonio Gomez

SHORT TERM RATE: No

PROPERTY ADDRESS: 2532 Heather Court
North Las Vegas, Nevada

EFFECTIVE DATE: July 1, 2011, 07:30 AM

The form of Policy or Policies of title insurance contemplated by this report is:

ALTA Residential Title Insurance Policy

1. THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:
   A Fee

2. TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:
   Fulvia Morales, an unmarried woman

3. THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE COUNTY OF CLARK, STATE OF NEVADA, AND IS DESCRIBED AS FOLLOWS:
   SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Title No. FT18-FT110041713

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4. Any encroachment, encumbrance, violation, variation or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the land and not shown by the Public Records.

5. (a) Unpatented mining claims: (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the public records.

7. General and special State, County and/or City property taxes for the fiscal year 2011-2012, now a lien, not yet payable.

   Assessor's Parcel No. 139-13-812-102

8. The lien of supplemental taxes, if any, assessed pursuant to the provisions of Section 361.260 of the Nevada Revised Statutes.

9. Any possible delinquent or outstanding municipal city liens or assessments for contract service provided to said land by reason of being located within the incorporated boundaries of City of North Las Vegas, Nevada which subjects the same to its City Charter and mandatory rules and regulations.

10. Water rights, claims or title to water, whether or not disclosed by the public records.

11. Mineral rights, reservations, easements and exclusions as contained in the Patent from the United States of America recorded July 7, 1903, Book F, Page 335, of Official Records

12. Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication on the map of said subdivision,

    Recorded:            June 9, 1969, Book 11 of Plats, Page 80, of Official Records

13. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the document.

    Recorded:    June 9, 1969, Instrument No. 766452, Book 955, of Official Records.

    Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

14. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document:

    Granted to:      Nevada Power Company and Central Telephone Company
    Purpose:         electrical and communication lines
    Recorded:        August 28, 1969, Instrument No. 781859, Book 974, of Official Records

ITEMS: (Continued)                                                                                               Title No. FT18-FT110041713

15. A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby

    Amount:        $168,000.00
    Dated:         November 18, 2005
    Trustor:       Fulvia Morales, an unmarried woman
    Trustee:       North American Title Company
    Beneficiary:   Mortgage Electronic Registration Systems, Inc. solely as nominee for Mirad Financial Group, a California corporation, its successors and assigns
    Loan No.:      4600374
    Recorded:      November 23, 2005, Instrument No. 0005176, Book 20051123, of Official Records.

    An assignment of the beneficial interest under said deed of trust which names:
    Assignee:      Bac Home Loans Servicing, LP Fka Countrywide Home Loans Servicing LP
    Recorded:      May 10, 2011, Instrument No. 0003536, Book 20110510 of Official Records.

    A Substitution of Trustee under said deed of trust which names as the substituted trustee, the following:

    Trustee:       Recontrust Company, N.A.

    Recorded:      May 10, 2011, Instrument No. 0003537, Book 20110510, of Official Records.

    A Notice of Default under the terms of said deed of trust

    Executed By:   Recontrust Company, N.A.
    Recorded:      May 10, 2011, Instrument No. 0003538, Book 20110510, of Official Records.

16. A deed of trust to secure an indebtedness in the amount shown below, and any other obligations secured thereby

    Amount:        $42,000.00
    Dated:         November 18, 2005
    Trustor:       Fulvia Morales, an unmarried woman
    Trustee:       North American Title Company
    Beneficiary:   Mortgage Electronic Registration Systems, Inc. solely as nominee for Mirad Financial Group, a California corporation, its successors and assigns
    Loan No.:      4600375
    Recorded:      November 23, 2005, Instrument No. 0005177, Book 20051123, of Official Records.

17. The community interest of the spouse of the vestee named below.

    Vestee: Fulvia Morales

18. An inspection of said land has been ordered; upon its completion the Company reserves the right to except additional items and/or make additional requirements.

                                         END OF ITEMS

                                            NOTES

A.  Property taxes for the fiscal year 2010-2011 are paid. For Pro-ration purposes the amounts are:

    Assessor's Parcel No.: 139-13-812-102
    District Number:       250
    Total: $370.76
    First Installment:     $92.69, paid
    Second Installment:    $92.69, paid
    Third Installment:     $92.69, paid
    Fourth Installment:    $92.69, paid

B.  There are NO deeds affecting said land, recorded within twenty-four (24) months of the date of this report.

ITEMS: (Continued)                                                                    Title No. FT18-FT110041713

C.  The Company is not aware of any matters which would cause it to decline to attach the CLTA Endorsement Form 116 indicating that there is located on said land Single Family Residence known as 2532 Heather Court, North Las Vegas, NV to an Extended Coverage Loan Policy.

D.  The legal description furnished with the application for title insurance was placed by reference to only a street address or tax identification number. Based on our records, we believe that the description in this report covers the parcel that you requested. However, if the legal description is incorrect, a new report must be prepared. If the legal description is incorrect, in order to prevent delays, the seller/buyer/borrower must provide the Company and/or the settlement agent with the correct legal description intended to be the subject of this transaction.

E.  Any documents being executed in conjunction with this transaction must be signed in the presence of an authorized Company employee, an authorized employee of an agent, an authorized employee of the insured lender, or by using Bancserv or other approved third-party service. If the above requirements cannot be met, please call the company at the number provided in this report.

F.  NOTE: The ALTA Homeowners Policy of Title Insurance (1/1/08) contains specific deductible amounts and specific liability maximums for Covered Risk numbers 19,18,19 and 21 of said policy that have been filed and approved by the various Departments of Insurance where the forms have been filed. Please consult your escrow or title officer if you have any questions regarding the policy.

G.  NOTE: Based on information provided, this transaction will culminate in the transfer of real estate by documents recorded in the office of the County Recorder and will require the payment of Documentary Transfer Tax. All transfer taxpayers are entitled to the rights afforded them by State Senate Bill 238, the "Taxpayer's Bill of Rights for Taxes on the Transfer of Real Property". A copy of the pamphlet explaining these rights may be acquired by contacting the office of your local County Recorder.

H.  TO:    Statement Address
           Fidelity National Title Agency of Nevada, Inc.
           500 N. Rainbow Blvd Ste 100
           Las Vegas, NV 89107
           Phone: 702-877-3003

    BANK: Bank of America
          275 Valencia Blvd., 2nd Floor
          MC: CA7-701-02-66
          Brea, CA 92823
          Phone: 888-635-2714 x 61767
          Fax: 714-223-8200
          ABA No. 026009593

    Account Number: Credit to Fidelity National Agency of Nevada, Inc. in Trust for Account No. 1235398233

    Please refer to our escrow number and our borrower's name as referred to in this report.

Title No. FT18-FT110041713

## LEGAL DESCRIPTION

### EXHIBIT "A"

Assessor's Parcel No: 139-13-812-102

LOT SIXTEEN (16) IN BLOCK TWO (2) OF HOLIDAY PARK NO. 5, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 11 OF PLATS, PAGE 80, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA. TOGETHER WITH THAT PORTION OF HEATHER COURT VACATED BY THE CITY COUNCIL OF THE CITY OF NORTH LAS VEGAS IN THAT CERTAIN ORDER RECORDED MAY 17, 1996 IN BOOK 960517 AS DOCUMENT NO. 2728, OF OFFICIAL RECORDS.